IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:18-CV-738-WKW |
| | ) | [WO] |
| JOHN F. MARTIN, KEVIN PERRY, | ) | |
| and THE UNITED STATES OF | ) | |
| AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Wells Fargo Bank, N.A., sued the United States, John F. Martin, and Kevin Perry. Wells Fargo's claim against the United States seeks to quiet title to real estate. Its claim against John and Kevin seeks judicial foreclosure on that same property. The Clerk of the Court entered default against John and Kevin, and Wells Fargo now moves for default judgment against them. But for the reasons below, the motion for default judgment is due to be denied without prejudice.

**I. JURISDICTION AND VENUE**

The United States filed a notice of removal no more than thirty days after it received a copy of the complaint in this quiet title action. 28 U.S.C. §§ 1442(a)(1), 1444, 1446(b)(1). Venue is proper. *Id.* § 1391(b). So far, no party disputes personal jurisdiction.

## II.  BACKGROUND

This lawsuit is about real estate in Phenix City, Alabama.  To be more specific, it is about a house on Tranquil Lane.[1]  Both Wells Fargo and the United States[2] claim an interest in that property, and Wells Fargo wants to foreclose on it.

Bobby Williams bought the property in 2007, and he recorded a warranty deed in the Russell County probate office.  (Doc. # 1-1, at 17.)  He financed his purchase with a $140,000 loan from Wells Fargo.  The loan was secured by a mortgage on the property, which Wells Fargo promptly recorded in the probate office in August 2007. (Doc. # 1-1, at 18–35.)

Kevin Perry and Pamela Perry bought the property from Bobby Williams the next year.  They received a quitclaim deed, which they recorded in the probate office in August 2008.  (Doc. # 1-1, at 36.)  Wells Fargo believes that Bobby Williams died soon after that sale.  (Doc. # 6, at 2.)  Neither the Perrys nor Bobby Williams addressed the Wells Fargo mortgage one way or the other in this transfer of title.  It remained of record.

---

[1] To be even more specific: "All that tract or parcel of land lying and being in Section 3, Township 17 North, Range 30 East, Russell County, Alabama, being Lot 32, of North Woods Subdivision, as per plat recorded in Plat Cabinet 'H', Folio 86, Russell County, Alabama Records, to which plat reference is made for a more particular description."  (Doc. # 1-1, at 17, 33, 36–37.)

[2] Presumably.  Though this case began in state court in July 2018, the United States has yet to file an answer.

In April 2015, a federal grand jury indicted Pamela for aggravated identity theft and conspiracy to defraud the government with respect to claims.[3] Before long, Pamela conveyed her one-half interest in the Tranquil Lane property to John Martin. John recorded a quitclaim deed to that effect in June 2015. (Doc. # 1-1, at 37.) Again, neither transferor nor transferee addressed the Wells Fargo mortgage in this transfer of title.

Pamela pleaded guilty in November 2015, and she was sentenced in February 2016. Under 18 U.S.C. § 3663A, part of Pamela's sentence is that she must pay the Internal Revenue Service $340,057 in restitution. So under 18 U.S.C. § 3613(c), the United States recorded a lien on the Tranquil Lane property in April 2016. (Doc. # 1-1, at 38.)

Since June 2016, there have been no payments on the loan to Bobby Williams. (Doc. # 6, at 3.) So in July 2018, Wells Fargo sued John, Kevin, and the United States in state court. (Doc. # 1-3, at 1.) After the United States removed the case to this court (Doc. # 1), Wells Fargo filed an Amended Complaint (Doc. # 6). Count One of the complaint is a quiet title claim: Wells Fargo seeks a judgment that its 2007 mortgage is superior to the United States's 2016 lien, assuming that the

---

[3] According to the federal lien at issue here (Doc. # 1-1, at 38), the criminal case is *United States v. Pamela Smith*, No. 3:15-cr-203-JA-3 (M.D. Ala.). The court takes judicial notice of the indictment, guilty plea, and written judgment in that case. Fed. R. Evid. 201(b)(2). According to the Presentence Investigation Report filed in the criminal case, Pamela Smith sometimes goes by the name Pamela Perry. (Her ex-husband's last name is Perry.)

government's lien attaches to the property at all. (Doc. # 6, at 3.) Count Two seeks judicial foreclosure on the property. (Doc. # 6, at 4.)

John and Kevin were served by publication in March 2019. (Docs. # 18, 19.) Both have failed to appear. Thus, in May 2019, the Clerk of the Court entered default against them under Federal Rule of Civil Procedure 55(a). (Doc. # 25.) Wells Fargo now moves for default judgment against John and Kevin. (Doc. # 27.)

### III.  STANDARD OF REVIEW

Wells Fargo's motion for default judgment does not permit the Clerk of the Court to enter default judgment against John and Kevin. *See* Fed. R. Civ. P. 55(b)(1). Instead, whether to enter default judgment is left to the court's discretion. *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1576 (11th Cir. 1985).

Through their default, John and Kevin are considered to have admitted Wells Fargo's "well-pleaded allegations of fact." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). But they are not held to admit facts that are not well-pleaded. *Id.* Nor are they held to admit "conclusions of law." *Id.* Thus, their "default does not in itself warrant the court in entering a default judgment." *Id.* Rather, there must be "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *USAmeriBank v. Strength*, No. 16-cv-995, 2017 WL 4767694, at *6 (M.D. Ala. Oct. 20, 2017) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam)).

4

Before the court enters a default judgment, it may hold a hearing to "determine the amount of damages," to "establish the truth of any allegation by evidence," or to "investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B)–(D). Indeed, a hearing is "required in all but limited circumstances." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (cleaned up); *see also Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) ("Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam)). If a hearing is needed "to determine what the judgment should provide," the hearing "must be conducted before the judgment is entered." *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 747 (11th Cir. 2017) (per curiam) (quoting *Smyth*, 420 F.3d at 1231–32).

## IV. DISCUSSION

At this time, the court will not enter a default judgment for Wells Fargo for two reasons. First, the record is too thin about the debt owed to Wells Fargo. All that Wells Fargo does is cursorily allege that it made a loan and has received no payments since June 2016. (Doc. # 6, at 3–4.) There are no documents supported by testimony under oath showing that the debt is overdue, the current total amount due, or the amount of interest, fees, and expenses due. Wells Fargo makes no legal

5

argument, nor does it attach a copy of the promissory note. In essence, it simply asserts that it is entitled to relief. Left unsaid is even the current amount requested. That will not do.

Second, the United States stands mute. One assumes the United States will argue that it has an enforceable lien superior to Wells Fargo's mortgage, but neither the United States nor Wells Fargo has made an argument for or against that proposition. The court, of course, expresses no opinion about the propriety or priority of the government's lien. Yet it would be ill-advised to enter a default judgment and permit foreclosure without so much as considering the United States's interests. *Cf. Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (reversing a court that failed to exercise restraint when entering a default judgment against fewer than all defendants). Throughout this case, both parties have dragged their heels. Accordingly, there is no good reason to rush to enter a default judgment when so little has been presented to the court.

## V. CONCLUSION

For the reasons above, it is ORDERED that Plaintiff Wells Fargo's motion for a default judgment against Defendants John Martin and Kevin Perry (Doc. # 27) is DENIED without prejudice to submit a fully supported motion.

It is further ORDERED that the United States file an answer or other response to the Amended Complaint on or before **September 4, 2019**. If Wells Fargo and the

6

United States have reached a settlement, it would be well to inform the court in writing.

DONE this 27th day of August, 2019.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE