IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| U.S. BANK TRUST, N.A., AS TRUSTEE FOR VRMTG ASSET TRUST, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:18-CV-738-WKW [WO] |
| JOHN F. MARTIN and KEVIN PERRY, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case got off on the wrong foot. It has not regained its footing; instead, it continues to stumble. Initially, Wells Fargo Bank, N.A., sued the United States, John F. Martin, and Kevin Perry. (Doc. # 6.) Plaintiff U.S. Bank Trust, N.A., as Trustee for VRMTG Asset Trust ("U.S. Bank"), has been substituted for Wells Fargo. (Doc. # 42.) Plaintiff's claim against the United States sought to quiet title to real estate. That claim has been settled, and the United States has been dismissed as a Defendant. (Doc. # 48.) Plaintiff's claim against Mr. Martin and Mr. Perry in Count Two of the Amended Complaint seeks judicial foreclosure on the property. The Clerk of the Court entered default against Mr. Martin and Mr. Perry. (Doc. # 25.) An entity called "Selene Finance, LP" identifies itself as Plaintiff "as service [sic] for U.S. Bank" and moves for default judgment against Martin and Perry for a second time. Former Plaintiff

Wells Fargo's first motion for default judgment was denied without prejudice to submit a fully supported motion. Despite guidance from the court as to what would constitute a fully supported motion, the motion has been renewed—apparently by a non-party and styled as a "Motion for Entry of Order of Default" rather than for a default judgment—and in a manner that only partially ameliorates the court's prior concerns while creating more confusion.

## I. JURISDICTION AND VENUE

The United States filed a notice of removal no more than thirty days after it received a copy of the complaint in this quiet title action. 28 U.S.C. §§ 1442(a)(1), 1444, 1446(b)(1). Venue is proper. *Id.* § 1391(b). So far, no party disputes personal jurisdiction.

## II. BACKGROUND

This lawsuit is about real estate in Phenix City, Russell County, Alabama. Bobby Williams bought the property in 2007, and he recorded a warranty deed in the Russell County probate office. (Doc. # 1-1, at 17.) He financed his purchase with a $140,000 loan from Wells Fargo (the "loan"). The loan was secured by a mortgage on the property, which Wells Fargo promptly recorded in the probate office in August 2007. (Doc. # 1-1, at 18–35.)

Kevin Perry and Pamela Perry bought the property from Bobby Williams the next year. They received a quitclaim deed, which they recorded in the probate office

2

in August 2008. (Doc. # 1-1, at 36.) Neither the Perrys nor Bobby Williams addressed the Wells Fargo loan and mortgage one way or the other in this transfer of title. The mortgage remained of record. Eventually Pamela Perry conveyed her interest to John Martin, also by quitclaim deed and without reference to the Wells Fargo loan and mortgage. Since June 2016, there have been no payments on the loan. (Doc. # 6, at 3.)

John Martin and Kevin Perry were served by publication in March 2019. (Docs. # 18, 19.) Both have failed to appear. Thus, in May 2019, the Clerk of the Court entered default against them under Federal Rule of Civil Procedure 55(a). (Doc. # 25.) The Note and Mortgage were subsequently transferred and assigned to U.S. Bank, (Doc. # 49-1, at 24), and in November 2019, U.S. Bank was substituted for Wells Fargo as Plaintiff in this action, (Doc. # 42).

### III. STANDARD OF REVIEW

Selene Finance, LP's apparent motion for entry of order of default does not permit the Clerk of the Court (or anyone else) to enter default judgment against Martin and Perry. *See* Fed. R. Civ. P. 55(b)(1). Instead, whether to enter default judgment is left to the court's discretion if and when a proper party files a properly supported motion. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1576 (11th Cir. 1985).

Through their default, Martin and Perry are considered to have admitted Plaintiff's "well-pleaded allegations of fact." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). But they are not held to admit facts that

3

are not well-pleaded. *Id.* Nor are they held to admit "conclusions of law." *Id.* Thus, their "default does not in itself warrant the court in entering a default judgment." *Id.* Rather, there must be "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *USAmeriBank v. Strength*, No. 16-cv-995, 2017 WL 4767694, at *6 (M.D. Ala. Oct. 20, 2017) (quoting *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (per curiam)). Moreover, they are not subject to a non-party's "motion."

Before the court enters a default judgment, it may hold a hearing to "determine the amount of damages," to "establish the truth of any allegation by evidence," or to "investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B)–(D). Indeed, a hearing is "required in all but limited circumstances." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) (cleaned up); *see also Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) ("Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (per curiam)). If a hearing is needed "to determine what the judgment should provide," the hearing "must be conducted before the judgment is entered." *Smyth*, 420 F.3d at 1231–32.

## IV. DISCUSSION

The court denied former Plaintiff Wells Fargo's previous motion for a default judgment for the following reasons:

> First, the record is too thin about the debt owed to Wells Fargo. All that Wells Fargo does is cursorily allege that it made a loan and has received no payments since June 2016. (Doc. # 6, at 3–4.) There are no documents supported by testimony under oath showing that the debt is overdue, the current total amount due, or the amount of interest, fees, and expenses due. Wells Fargo makes no legal argument, nor does it attach a copy of the promissory note. In essence, it simply asserts that it is entitled to relief. Left unsaid is even the current amount requested. That will not do.

(Doc. # 29, at 5–6.)[1]

The "renewed" motion, filed by the same attorney who filed Wells Fargo's motion, addresses some, but not all, of those concerns. In addition to paragraphs explaining the transfer in interest between Wells Fargo and U.S. Bank (but not adequately explaining who Selene Finance, LP is, nor why said entity should be considered a plaintiff), the motion added five new paragraphs realleging facts from the complaint. (*Compare* (Doc. # 49, ¶¶ 1–5, at 1–2), *with* (Doc. # 6, ¶¶ 6–8, 10–12, at 2–3).) The movant also attached the promissory note, (Doc. # 49-1, at 3–5), and an affidavit from Korey A. Rudd, Team Lead Foreclosure of Selene Finance LP. Rudd avers 1) authorization to sign a declaration on behalf of U.S. Bank, 2) access to U.S.

---

[1] The court's second rationale, that "the United States stands mute," (Doc. # 29, at 6), is no longer applicable.

Bank's business records, and 3) job responsibilities that include "ascertaining and verifying amounts due and payable as to delinquent accounts." (Doc. # 49-1, at 1.) Nowhere does Rudd assert that Selene Finance, LP is servicer for U.S. Bank on the loan based on Rudd's personal knowledge. Rudd avers that the debt is overdue because the last payment received on this loan was applied to the May 2016 payment. Rudd also states that "the unpaid principal balance of this loan as of January 13, 2020 is $165,591.26." (Doc. # 49-1, at 2.) Because this sum is greater than the amount of the original loan ($140,000) and the amount described in the complaint ($148,924.18) as the "balance due and payable, together with interest thereon," the court is left to assume that this new number encompasses perhaps interest, attorney's fees, and expenses, but there is no breakdown whatsoever of the components of the claimed amount.

The motion requests the court to "enter an order giving the remaining Defendants 10 days to pay the principal, interest, attorney's fees, and other charges due." (Doc. # 49, at 4.) So the current total amount requested remains unsaid. Movant's repetition of factual allegations likewise does not equate to a legal argument, and the court is not obligated to construct arguments for a party, which Selene Finance, LP decidedly is not. For these reasons, the true Plaintiff, U.S. Bank, has not shown that it merits entry of judgment by default, "a drastic remedy which should be used only in extreme situations." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

## V.  CONCLUSION

Accordingly, it is ORDERED that the "Motion for Entry of Order of Default" (Doc. # 49) is STRICKEN without prejudice for a proper party to submit a properly supported motion.  It is further ORDERED that, **on or before June 1, 2020**, Plaintiff must file a fully supported motion that complies with the guidance provided by the court, (here and in Doc. # 29, at 6–7), or Plaintiff must show cause in writing why it has not renewed its motion and how it intends to resolve this case.  Plaintiff is warned that its failure to comply with this order may result in dismissal of its case.  *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." (citing Fed. R. Civ. P. 41(b))).

DONE this 8th day of April, 2020.

>             /s/ W. Keith Watkins
> UNITED STATES DISTRICT JUDGE